UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEWIS GILES, JR. | CIVIL ACTION |
| VERSUS | NO. 20-2238 |
| BAYVIEW LOAN SERVICING, L.L.C. AND DAVID ERTEL | SECTION "R" (2) |

### ORDER AND REASONS

Community Loan Servicing, L.L.C.[1] and David Ertel[2] move to dismiss plaintiff's complaint under Federal Rule of Procedure 12(b). Plaintiff does not oppose the motions. Because the Court lacks personal jurisdiction over Ertel, and because plaintiff's claims against Community are precluded by *res judicata*, the Court grants defendants' motions to dismiss.

### I.   BACKGROUND

This case involves a mortgage dispute. Plaintiff Lewis Giles, Jr. alleges that defendant Bayview Loan Servicing, L.L.C.[3] holds a "promissory note and

---

[1]   R. Doc. 15.
[2]   R. Doc. 16.
[3]   Bayview Loan Servicing, L.L.C. changed its name to Community Loan Servicing, L.L.C. on September 28, 2020. R. Doc. 22 at 1; R. Doc. 22-1 at 1. The Court granted Community's request to be substituted as a party on September 30, 2020. R. Doc. 23.

mortgage" over his property.[4] Plaintiff states that, in November 2019, Bayview refused to accept a payment on his loan because it was in default.[5] Plaintiff claims that he asked Bayview's representative what amount he needed to pay to "get the loan current," but the representative told him that she would "have to get that amount from the foreclosing attorney."[6] Plaintiff claims that he was entitled to this information under the terms of the mortgage, but he never received it.[7] He also alleges that the representative lied, as there was never an attorney assigned to his case.[8]

Giles alleges that, to avoid foreclosure, he submitted two loan modification applications.[9] Bayview allegedly denied these applications because of a "default on a previous loan modification."[10] But, plaintiff asserts that he had not solicited, approved, or accepted a previous loan modification.[11] He claims that these statements by Bayview show that it modified the mortgage agreement without his consent.[12]

---

[4]  R. Doc. 1-2 at 1.
[5]  *Id.* at 3.
[6]  *Id.* at 3.
[7]  *Id.*
[8]  *Id.* at 5.
[9]  *Id.* at 4.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 4-5.

Plaintiff alleges that the attempted foreclosure was "wrongful," as it was preceded by a breach of the mortgage contract.[13] He claims that breaches occurred when defendants (1) failed to provide him with the requested information about the amount he had to pay to avoid foreclosure;[14] (2) modified the loan contract without his consent;[15] and (3) lied about whether an attorney was reviewing his account.[16] He also alleges that David Ertel, Bayview's directing manager, "malicious[ly]" directed Bayview's actions.[17]

This complaint comes after this Court dismissed plaintiff's complaint in a separate case, *see Giles v. Bayview Loan Serv.*, No. 20-1128, 2020 WL 3545384 (E.D. La. June 30, 2020) ("*Giles I*"), involving the same mortgage dispute.[18] Bayview, now doing business as Community, and Ertel move to dismiss plaintiff's second complaint.

---

[13] *Id.* at 1.
[14] *Id.* at 3.
[15] *Id.* at 4.
[16] *Id.* at 4-6.
[17] *Id.* at 6-7.
[18] R. Doc. 33 (Case No. 20-1128).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(2)

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation marks and citation omitted).  A district court may exercise personal jurisdiction over a defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements.  *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

Personal jurisdiction may be either general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).  General jurisdiction over a foreign defendant exists if the defendant's "affiliations with the State are so 'continuous and systematic' as to render them

essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Fifth Circuit has articulated a three-step inquiry to determine whether specific jurisdiction exists. *Seiferth*, 472 F.3d at 271. First, the plaintiff must show that "the defendant has minimum contacts with the forum state, i.e., . . . it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id*. Second, the plaintiff must show that his "cause of action arises out of or results from the defendant's forum-related contacts." *Id*. If the plaintiff makes these showings, "the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Id*.

When the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

### B. Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and views the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court must resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must dismiss the claim if there are insufficient factual allegations to raise the right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court

may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

Finally, courts construe briefs submitted by *pro se* litigants liberally, and a court will "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).

## III. DISCUSSION

### A. Personal Jurisdiction

As noted, plaintiff has not opposed Ertel's motion to dismiss for lack of personal jurisdiction. The Fifth Circuit has not explicitly addressed how district courts should consider unopposed motions to dismiss for lack of

7

personal jurisdiction. *State Farm Fire & Cas. Co. v. Diva Limousine, Ltd.*, No. 13-6656, 2014 WL 4450427, at *4 (E.D. La. Sept. 10, 2014). District courts in the Fifth Circuit have resolved unopposed motions to dismiss for lack of personal jurisdiction by asking whether the plaintiff's complaint alleges a *prima facie* case of personal jurisdiction. *See id.* (collecting cases).

Giles' complaint does not allege a *prima facie* case of personal jurisdiction. To establish general jurisdiction, plaintiff must show "continuous and systematic" contacts such that Ertel is "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919. Plaintiff has not alleged such contacts. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008) ("[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction."). Indeed, the only transaction at issue in the complaint is plaintiff's mortgage with Bayview to which Ertel was not a party. Further, plaintiff's allegations do not establish a *prima facie* case of specific jurisdiction. Plaintiff alleges that Ertel is the "directing manager" of Bayview.[19] But, under the fiduciary-shield doctrine, a corporate officer is not personally liable for the actions of his company. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) ("[T]he fiduciary-

---

[19] R. Doc. 1-2 at 6.

8

shield doctrine . . . holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has *in personam* jurisdiction over the corporation.").

There are two exceptions to the fiduciary-shield doctrine, but plaintiff has not alleged facts to satisfy either. First, he has not alleged facts showing that Ertel is Bayview's "alter ego." *See id.* (stating that the fiduciary-shield doctrine "does not apply when courts are willing to disregard the corporate entity, usually on the theory that the individual . . . is the alter ego of the corporation."). Second, he has not alleged facts that would establish Ertel's personal liability.[20] *See id.* (stating that "individual officers . . . would be personally liable to any third person they injured by virtue of their tortious activity"). Although plaintiff asserts with no specific factual basis that Ertel directed all of Bayview's actions, the Court need not credit this conclusory statement. *Panda Brandywine Corp.*, 253 F.3d at 869 ("[T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted."); *see also Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995) ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed

---

[20] *Id.*

9

other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts."). In fact, the documents plaintiff attaches to his complaint to demonstrate his course of dealing with Bayview do not even mention Ertel's name.

The Court finds that plaintiff's complaint does not allege a *prima facie* case of personal jurisdiction. Consequently, the Court lacks personal jurisdiction over Ertel. When a court lacks personal jurisdiction over a defendant, it must dismiss the defendant without prejudice. *See Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623 n.2 (5th Cir. 1999).[21] The Court dismisses Ertel without prejudice for lack of personal jurisdiction.

### B. Failure to State a Claim

Defendant Community argues that plaintiff's claims are precluded by *res judicata*.[22] In general, *res judicata* is an affirmative defense that should be addressed at summary judgment or trial, not in a 12(b)(6) motion. *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004). Nevertheless, "[i]f based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then

---

[21]

[22]     R. Doc. 15.

dismissal under Rule 12(b)(6) is proper." *Hall*, 305 F. App'x at 227-28 & n.1. Thus, as long as the Court considers only the pleaded and judicially noticed facts that are not "outside the pleadings," an affirmative defense may serve as the "proper basis" for a motion to dismiss. *Id.* at 228 n.1 (citing Fed. R. Civ. P. 12(d)).

The Court takes judicial notice of plaintiff's previous action in *Giles I*. *See* Fed. R. Evid. 201(c)-(d); *see also Hall*, 305 F. App'x at 226-27, 229 (affirming Rule 12(b)(6) dismissal for *res judicata* where the district court took judicial notice of the plaintiff's prior actions). This Court dismissed the complaint in *Giles I* on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See* 2020 WL 3545384, at *1.

In the Fifth Circuit, *res judicata*, or claim preclusion, "forecloses relitigation of claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312-13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The Court applies a four-part test to determine if a claim is precluded: "(1) the parties in both the prior suit and current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of

11

action in both suits." *Id.* at 313 (citation omitted). These elements are satisfied here.

First, plaintiff sued the same defendants in *Giles I* as he did in this action, including Bayview Loan Servicing, L.L.C., which changed its name to Community Loan Servicing, L.L.C., now substituted as a defendant in this action.[23] Second, this Court was a court of competent jurisdiction. *See Giles I*, 2020 WL 3545384, at *1. Third, in *Giles I*, the Court dismissed the claims against all defendants with prejudice for failure to state a claim—a final judgment on the merits. *Id.* at *3; see* Fed. R. Civ. P. 41(b); *Eaves v. Doniger*, 277 F.3d 1372 (5th Cir. 2001). The first three requirements of claim preclusion are satisfied.

As to the fourth factor—whether plaintiff raised the same cause of action in the earlier suit—the Court asks "whether the two actions are based on the same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313 (citations omitted). It is the "nucleus of operative facts" in the first action, rather than the "facts litigated," or the "type of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." *United States v. Davenport*, 484 F.3d 321, 326-27 (5th Cir. 2007) (citation omitted). The determination is a practical weighing of various factors, including "whether

---

[23] R. Doc. 22; R. Doc. 23.

12

the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis*, 383 F.3d at 313 (citations omitted). Furthermore, "[i]f the cases are based on the same nucleus of operative facts, the first judgment's preclusive effect extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davenport*, 484 F.3d at 326 (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).

The operative facts here and in *Giles I* are identical. In both complaints, plaintiff's theory is that Community/Bayview allegedly breached the mortgage contract by failing to provide plaintiff with a quote for the amount needed to bring his loan out of default[24] and by modifying his mortgage agreement without his knowledge or consent.[25] Plaintiff alleges that the attempted foreclosure was "wrongful" due to the breach.[26] All rights that plaintiff had arising from these facts are precluded by the judgment in *Giles I*. That plaintiff advances new legal theories under the FDCPA and RESPA does not change this result. *See Davenport*, 484 F.3d at 326-27.

---

[24] *Compare* R. Doc. 1-2 at 3 *with* R. Doc. 33 at 2 (Case No. 20-1128).
[25] *Compare* R. Doc. 1-2 at 4 *with* R. Doc. 33 at 2 (Case No. 20-1128).
[26] R. Doc. 1-2 at 2; R. Doc. 33 at 2 (Case No. 20-1128).

Accordingly, the Court finds that plaintiff brings the same cause of action here as in *Giles I*. The Court must dismiss plaintiff's complaint on the grounds of *res judicata*.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Community's motion to dismiss for failure to state a claim. Plaintiff's claims against Community are DISMISSED WITH PREJUDICE. The Court also GRANTS defendant Ertel's motion to dismiss for lack of personal jurisdiction. Plaintiff's claims against Ertel are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __4th__ day of November, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE