UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEWIS GILES, JR. | CIVIL ACTION |
| VERSUS | NO. 20-2238 |
| BAYVIEW LOAN SERVICING, L.L.C. AND DAVID ERTEL | SECTION "R" (2) |

### ORDER AND REASONS

Plaintiff Lewis Giles, Jr. moves the Court to reconsider its order and judgment.[1] Defendants oppose the motion.[2] Because plaintiff has failed to show that he is entitled to relief under Federal Rule of Procedure 59, the Court denies his motion.

I.   **BACKGROUND**

This case involves a mortgage dispute. In a previous action ("*Giles I*"), plaintiff, Lewis Giles, Jr., filed a lawsuit in Louisiana court on April 6, 2020.[3] The defendants in *Giles I* removed to this Court on August 12, 2020.[4] The

---

[1]   R. Doc. 27 (Case No. 20-2238).
[2]   R. Doc. 28 (Case No. 20-2238).
[3]   R. Doc. 1-2 (Case No. 20-1128).
[4]   R. Doc. 1 (Case No. 20-1128).

Court dismissed plaintiff's complaint with prejudice on June 30, 2020.[5] Plaintiff filed a motion to reopen the case,[6] and the Court denied that motion.[7]

Plaintiff filed this suit (*"Giles II"*) in Louisiana court on July 22, 2020.[8] On August 12, 2020, defendants removed *Giles II* to this Court.[9] The Court dismissed plaintiff's claims against defendant David Ertel without prejudice, finding that it lacked personal jurisdiction.[10] The Court dismissed the claims against defendant Community Loan Servicing, L.L.C.[11] with prejudice, finding that they are precluded under the *res judicata* doctrine.[12] The Court issued a judgment on November 5, 2020,[13] and plaintiff filed this motion to reconsider on November 18, 2020.[14]

---

[5] R. Doc. 39 (Case No. 20-1128); *see also* R. Doc. 38 (Case No. 20-1128).
[6] R. Doc. 44 (Case No. 20-1128).
[7] R. Doc. 45 (Case No. 20-1128).
[8] R. Doc. 1-2 (Case No. 20-2238).
[9] R. Doc. 1 (Case No. 20-2238).
[10] R. Doc. 25 (Case No. 20-2238).
[11] When plaintiff filed suit, Community was named Bayview Loan Servicing, L.L.C. Bayview changed its name to Community Loan Servicing, L.L.C. on September 28, 2020. R. Doc. 22 at 1; R. Doc. 22-1 at 1. The Court granted Community's request to be substituted as a party on September 30, 2020. R. Doc. 23.
[12] *Id.*
[13] R. Doc. 26 (Case No. 20-2238).
[14] R. Doc. 27 (Case No. 20-2238).

## II. DISCUSSION

Rule 59(e) permits a party to file "[a] motion to alter or amend a judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ." *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice;" and

3

(4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Mar. 19, 1998).

Here, plaintiff has not shown that reconsideration is appropriate under the Rule 59(e) standard. Plaintiff does not assert that new facts have arisen, or that there has been an intervening change in the law. Instead, he argues that the Court erred when it found that *res judicata* bars his claims in *Giles II*.

A motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Matter of Life Partners Holdings, Inc.*, 926 F.3d at 128 (quoting *Schiller*, 342 F.3d at 567). Plaintiff's arguments on *res judicata*, raised in this motion for the first time, are exactly the sort of argument that plaintiff "could" and "should" have made before the Court issued its judgment. *Id.* Plaintiff had an opportunity to raise these arguments in response to defendants' motions to dismiss, but he never filed responses. A motion for reconsideration of a judgment is not the appropriate vehicle for plaintiff to raise these arguments for the first time.

Moreover, plaintiff's arguments fail to demonstrate manifest error or injustice. Plaintiff's motion does not actually challenge the Court's reasoning

4

or findings in *Giles II*.  Instead, plaintiff asserts that *res judicata* cannot apply because, in this suit, plaintiff has asked the Court to invalidate its judgment in *Giles I*.[15]  But "[r]es judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).  Plaintiff's motion clearly demonstrates that this action is a collateral attack on the Court's prior judgment.

Specifically, in arguing that *res judicata* should not bar this suit, plaintiff challenges the Court's subject matter jurisdiction in *Giles I* and *II*.[16] In determining that *res judicata* applied in *Giles II*, it was relevant whether the Court was a "court of competent jurisdiction" in *Giles I*.  *See id.* (stating that, for *res judicata* to apply "the prior judgment must have been rendered by a court of competent jurisdiction").  This Court had diversity jurisdiction in both actions.  *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (noting that diversity jurisdiction depends on satisfaction of the amount-in-controversy requirement and complete diversity of the parties).  In the first action, plaintiff alleged $2,720,500 in

---

15  R. Doc. 27 at 1-2 (Case No. 20-2238).
16  *Id.* at 2.

damages[17] and sued out-of-state defendants.[18] In this action, plaintiff sought $4,720,500 in damages,[19] and again sued out-of-state defendants.[20] Additionally, in *Giles II*, plaintiff brought federal causes of action under the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act that establish federal question jurisdiction under 28 U.S.C. § 1331.[21] As such, there is no basis to challenge the Court's subject matter jurisdiction over this or the previous case.

Plaintiff's remaining arguments likewise do not show that he is entitled to reconsideration. Plaintiff demands a jury trial, but the Court dismissed *Giles I* and *II* in their preliminary stages, before the cases went to trial. Finally, plaintiff argues that his "motion for documentation to verify counsel"[22] has the effect of mooting all of defendants' subsequent filings, including their motions to dismiss.[23] Plaintiff does not cite to authority for this proposition, and the Court is not aware of any law that supports this argument. Moreover, the motion for documentation asserts a meritless

---

[17]   R. Doc. 1-2 at 1, ¶ 2 (Case No. 20-1128).
[18]   R. Doc. 1 at 4, ¶ 8 (Case No. 20-1128).
[19]   R. Doc. 1-2 at 6, ¶ 5 (Case No. 20-2238).
[20]   R. Doc. 1 at 3, ¶ 6 (Case No. 20-2238).
[21]   R. Doc. 1-2 at 4-6, 8 (Case No. 20-2238) (citing 15 U.S.C. § 1692(e) and stating that "Bayview is in direct violation of RESPA").
[22]   R. Doc. 11 (Case No. 20-2238).
[23]   R. Doc. 27 (Case No. 20-2238).

6

challenge to defense counsel's authority to practice law.  The Court notes that defense counsel, Ashley E. Morris, is listed by the Louisiana State Bar Association as "eligible,"[24] *i.e.*, licensed and in good standing.[25]  The Court's records also show that Morris is actively admitted to practice in the Eastern District of Louisiana.  Plaintiff has failed to show manifest error, or that manifest injustice resulted, when the Court considered motions that Morris filed after plaintiff's motion for documentation.

For these reasons, the Court finds that plaintiff failed to satisfy the requirements of Rule 59(e).  He did not point to new evidence, an intervening change in the law, manifest error, or manifest injustice.  The Court must deny plaintiff's motion for reconsideration.

---

[24] *LSBA Membership Directory*, https://www.lsba.org/Public/MembershipDirectoryV2.aspx (last visited December 20, 2020).
[25] *LSBA Membership Status Descriptions*, https://www.lsba.org/Public/MemberStatus.aspx (last visited December 20, 2020).

## III.  CONCLUSION

Accordingly, plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __28th__ day of December, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE